**Joseph CUPP, Plaintiff,**

v.

**David ZIEGLER, Defendant.**

**No. 96–CV–71139–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 14, 1997.

**422**

Mark P. McLoughlin, Detroit, MI, for Plaintiff.

John H. Dise, Jr., Detroit, MI, for Defendant.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES

DUGGAN, District Judge.

This matter is before the Court on defendant's motion for attorney fees and costs. Plaintiff brought suit against David Ziegler, a Taylor police officer, pursuant to 42 U.S.C. § 1983. Plaintiff claimed that defendant used excessive force and assaulted and battered him. A non-jury trial took place on January 21 and 22, 1997. The Court rendered a verdict and judgment in favor of defendant.

Defendant now seeks attorney fees and costs under § 1988 and Fed.R.Civ.P. 54(d).

■ A prevailing defendant in a civil rights action is not entitled to attorney fees under § 1988 merely because he prevails on the merits of the suit. *Allen v. City of Los Angeles,* 66 F.3d 1052, 1058, n. 2 (9th Cir. 1995). The criteria for determining whether or not a prevailing defendant in a civil rights action is entitled to attorney fees is whether the action brought is found to be unreasonable, frivolous, meritless or vexatious. *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Although *Christiansburg Garment* was a Title VII case, the same criteria is used in determining whether a successful defendant is entitled to attorney fees under § 1988. *Com. v. Flaherty,* 40 F.3d 57, 61 (3d Cir.1994). In support of his motion for attorney fees, defendant refers to language in this Court's opinion in which this Court indicated that although there was conflicting testimony, the Court accepted the testimony of defendant Ziegler and that the Court believed that defendant Ziegler's version was a more reasonable and logical explanation of the occurrence than the version presented by the plaintiff and his brother.

■ However, the fact that this Court, as the trier of fact, made a determination that defendant's version was more credible and reasonable than plaintiff's does not mean that the lawsuit was "unreasonable, frivolous, meritless, or vexatious."

■ As the Court in *Christiansburg Garment* stated, "[t]he term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." 434 U.S. at 421–22, 98 S.Ct. at 700. Moreover, "in applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." 434 U.S. at 421–22, 98 S.Ct. at 700.

To assess attorney fees against plaintiffs simply because they do not prevail would substantially add to the risks inherent in

most litigation and would unnecessarily discourage plaintiffs from asserting a claim for violation of civil rights. *Id.*

Since this Court does not conclude that plaintiff's action was unreasonable, frivolous, meritless or vexatious, defendant's motion for attorney fees and costs pursuant to § 1988 [1] must be denied.

For the reasons set forth above,

**IT IS ORDERED** that defendant's motion for attorney fees pursuant to 42 U.S.C. § 1988 is **DENIED.**

---

1. Any costs to which defendant believes he is entitled should be "taxed by the clerk." Fed. R.Civ.P. 54(d).